TONIA L. MORO
OR Bar # 893160
Attorney at Law
19 S. Orange Street
Medford, OR 97501
(541) 973-2063
Tonia@ToniaMoro.com

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## MEDFORD DIVISION

| | | |
|---|---|---|
| DEB EVANS, et al. | ) | Civil Action No. 1:19-CV-00766-CL |
| | ) | |
| Plaintiffs, | ) | **PLAINTIFFS' REPLY IN** |
| | ) | **SUPPORT OF ITS MOTION** |
| | ) | **FOR ATTORNEYS' FEES AND** |
| v. | ) | **COSTS** |
| | ) | |
| FEDERAL ENERGY | ) | |
| REGULATORY COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

After prevailing in this Freedom of Information Act ("FOIA") litigation, Plaintiffs Deb Evans, Ron Schaaf, Bill Gow, Sharon Gow, Stacey McLaughlin, Craig McLaughlin, Twyla Brown, Richard Brown, Clarence Adams, Stephany Adams, and the Niskanen Center, Inc. ("Plaintiffs") petitioned for an award of attorneys' fees and costs as authorized by 5 U.S.C. § 522(a)(4)(E). While Defendant Federal Energy Regulatory Commission ("FERC") accepted Plaintiffs' counsel's hourly rates as reasonable, FERC disputes the number of hours submitted and

requests an across the board reduction of 15%, an extraordinary request in a straightforward FOIA case. (FERC's Response to Plaintiffs' Mot. for Attorney Fees at 3.) This exceptional request should be denied for the reasons stated below.[1]

## ARGUMENT AND AUTHORITY

**FERC fails to demonstrate that a percentage cut is warranted.**

FERC improperly relies on *Gonzalez v. City of Maywood*, 729 F.3d 1196 (9th Cir. 2013) to justify asking for an across-the-board 15% cut to the requested fees. In *Gonzalez*, the Court found an across-the-board fee cut is appropriate "when faced with a massive fee application." *Id*. at 1203 (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir.1992)). The *Gonzalez* plaintiffs requested a fee of $1,025,000. *Gonzalez*, 729 F.3d at 1201. In *Gates*, the plaintiffs requested a fee of $5,627,399.66. *Gates*, 987 F.2d at 1296. Here, however, Plaintiffs are requesting only $56,760.50 in attorney fees and costs. Clearly this is not the "massive fee application" contemplated in either *Gonzalez* or *Gates*.

FERC's across-the-board fee reduction is also inappropriate because FERC failed to justify why a 15% cut is appropriate. When a court decides a percentage cut

---

[1] Simultaneous with this Reply, Plaintiffs are supplementing its Motion for Attorneys' Fees and Costs to account for time spent on the Response to FERC's Motion to Stay, and Plaintiffs' Motion to Enforce. Because the hours, rates (which FERC concedes), and costs that Plaintiffs request are reasonable, the Court should award Plaintiffs a total of $59,793.50.

is appropriate, especially if that percentage goes beyond the discretionary 10% reduction, the court must carefully "set forth a concise but clear explanation of its reasons for choosing a given percentage reduction." *Gonzalez*, 729 F.3d at 1203 (internal quotations omitted). Even if the court does find problems in the billing records, the court cannot "select[] the specific percentages arbitrarily," but it must choose a number that is "proportional to the number of entries that suffered from" the defect. *Gonzalez*, 729 F.3d at 1204. For example, the court may reduce the attorney fee by 75% when the plaintiff only prevailed on 25% of his claim, or a 20% reduction is appropriate when a third-party report stated that the block billing increased the hours billed by 10-30%. *Id*. (citing *Schwarz v. Sec'y of Health and Human Servs.*, 73 F.3d 895, 899–900, 906 (9th Cir.1995) and *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir.2007)). Here, Plaintiffs prevailed on the entirety of their claim, and FERC has failed to specify what percentage of the billed hours are inflated. FERC's suggestion of a 15% across-the-board reduction is therefore arbitrary and not appropriate for this type of small-fee case.

Further, the three reasons FERC alleges fail to meet the above-noted standard to justify a 15% across-the-board reduction. FERC first fails to explain how any of counsel's hours were redundant. The only example FERC cites are two entries (a total of six hours) for Ms. Malone on January 22 and 23, 2020. Her time was spent reading the complaint, FERC's answer, FERC's summary judgment brief, Plaintiffs'

response and cross-motion for summary judgment, FERC's reply in support of its motion and in opposition to Plaintiffs' motion, and researching Exemption 6. FERC disputes these *not* because these were unnecessary for Ms. Malone to get up to speed on the case and be able to draft Plaintiffs' reply brief, but rather because on November 12, 2019, Ms. Gibson had spent eight hours researching and writing Plaintiffs' summary judgment brief.

But, as clearly explained in Plaintiffs Motion for Fees (Plts.' Mtn for Fees at 7) and corresponding declarations (Gibson Decl. at ¶ 7), Attorney Gibson went on parental leave in January of 2020, and Attorney Malone took over her responsibilities for this case. FERC is clearly attempting to punish Ms. Gibson for going on leave, and is essentially arguing that she should have continued drafting legal briefs while recovering from childbirth and taking care of a newborn. The Court should not accept this sort of argument.

FERC uses *Prison Legal News v. Umatilla County*, 2013 WL 2156471 (D. Or. May 16, 2013) for the proposition that the Court may deduct redundant billed entries. However, in *Prison Legal News* the issue was two attorneys both billed for time conferencing together. *Id*. at *8. Further, in *Malbco Holdings, LLC v. AMCO Ins. Co.*, No. CV-08-585-ST, 2010 WL 2572849, at *12 (D. Or. June 22, 2010), which *Prison Legal News Cites*, the court found that because "one attorney could have performed all the work on this case," it was unreasonable for two plaintiff's attorneys

to both bill for time they spent conferencing together. Here, the redundant entries are not from Ms. Gibson and Ms. Malone conferencing together. As explained above, and which FERC was well aware of, Ms. Gibson could not have performed all of the work on this case as she went on parental leave. Ms. Malone was needed to step in and continue the work on this case.

Beyond that, FERC fails to identify any hours it believes are redundant. FERC fails to request that this Court do an hour-by-hour search through the submitted timesheets for unreasonable hours, nor should it expect this Court to do its work for it and comb through all the attorneys' time sheets looking for alleged unreasonableness.[2] Nor do FERC's cited examples, which as explained above improperly – and possibly illegally – penalize new parents, give the Court enough basis for an across-the-board 15% reduction.

FERC attempts to paint the time sheets as inflated based on a single cited example of an email being logged as .25 hours. However, FERC again has failed to articulate why this justifies the requested across-the-board 15 % reduction.

FERC cites *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007) and *Brandt v. Astrue*, 2009 WL 1727472 (D. Or. 2007) for the proposition that an across-the-board reduction is appropriate when attorneys bill in quarter-hour

---

[2] While FERC mentions that this is a possibility, nowhere in its Response does it specifically ask the Court to do so; it merely reiterates the broad 15% reduction of all of the fees, citing to examples that Plaintiffs dispute.

increments. However, *Welch* specifically found that because the time sheets were "replete with quarter-hour or half-hour charges for the drafting of letters, telephone calls and intra-office conferences" and there were "numerous phone calls and e-mails" billed "that likely took a fraction of the time," an across-the-board reduction was appropriate. *Welch*, 480 F.3d at 949. Further in *Brandt*, the court determined a reduction was appropriate after finding numerous instances in which the attorney billed .25 hours for tasks that took a fraction of the time, such as "receiving and reviewing the notice of appearance" or to "review the court's order granting the extension [of time]." *Brandt*, 2009 WL 1727472 at *5. Neither of these cases are applicable here. FERC has not pointed to any improperly inflated time for intra-office conferences, telephone calls, drafting of non-court-related documents, or reviewing of simple filings. Plaintiffs' counsel did not include in their timesheets hours of internal collaboration and work amongst Plaintiffs' attorneys, and has relayed this fact to FERC several times. If anything, counsel's timesheets are the very opposite of 'excessive fee totals.' However, in an effort to be conciliatory, Plaintiffs agree to remove Ms. Malone's January 29, 2020 .25-hour entry. This change is reflected in the updated time sheets attached to the simultaneously filed Supplemental Motion for Attorneys' Fee.

    Finally, FERC attempts to discredit the timesheets by accusing Ms. Moro of "block billing." However, the Court can easily assess all of Ms. Moro's billed time

as being reasonable. For example, the numerous details Ms. Moro lists for her May 15, 2019 entry easily justify the 3.2 hours billed. This entry includes the work Ms. Moro did to prepare the complaint for filing and serving, including filling out the civil cover sheet, corresponding with the court over attorney representation issues, and spending over an hour researching how to serve the USAG and USA DO. In fact, all of Ms. Moro's entries, including the other two cited by FERC, are full of specific details allowing the Court to carefully consider their reasonableness. For example, the November 14, 2019 entry, Ms. Moro spent 3.2 hours reviewing documents 44 pages of factual statements and legal arguments from Ms. Gibson and reviewing the 18-page *Rojas* case. Finally, the November 15, 2019 entries also contain abundant details.  The 2.1-hour entry states it is for "rev[iewing] em[ail] from [Ms. Gibson] and reply; continue review of drafts, particularly the objections in prep for call to Danielson; em[ail] query to M Gibson; [telephone conference with Ms. Gibson] (.2); rev[iew] her em[ail] re: rule 7 material facts filing; reply; [telephone conference] Danielson left detailed message; [telephone call to] Danielson (.2); look up rule; [telephone call to] court re:rule 7-1b issue; em[ail] to [Ms. Gibson]." Further, the 2.5-hour entry on November 15, 2019 is similarly detailed. This entry is for "email to Danielson re: expand length of potential continuance and rev[iew] his response; rev[iew] and respond to [Ms. Gibson]'s request for title page and final issues conversation; rev[iew] documents and edit

some typos; restyle the documents and file." Clearly, contrary to FERC's assertion, these entries do not "lack sufficient detail to determine" its reasonableness.

FERC does not attempt to cite any examples from the other attorneys' time sheets to suggest that they, too, were improperly block billing. This Court will see from each attorneys' time sheets that each entry has been properly justified and the corresponding times are reasonable. Therefore, an across-the-board reduction is improper.

## CONCLUSION

Plaintiffs respectfully a total award of $59,793.50 in litigation costs and attorneys' fees pursuant to FOIA, 5 U.S.C. § 522(a)(4)(E).

Dated: July 31, 2020                                        Respectfully Submitted,

/s/ Tonia Moro_____
Tonia L. Moro
Attorney at Law
19 S. Orange Street
Medford, OR 97501
(541) 97302063
Tonia@ToniaMoro.com
*Counsel for Plaintiffs*

/s/ Ciara Malone_____
Ciara Wren Malone
Megan C. Gibson
David Bookbinder
Niskanen Center
820 First Street, NE, Suite 675

Washington, DC 20002<br>
(913) 991-4440<br>
cmalone@niskanencenter.org<br>
*Of Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under 54-1(c) and 54-3(e) because it contains 1685 words, including headings, footnotes, and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

/s/ Tonia Moro_____<br>
Tonia Moro

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2020, I have served the foregoing document upon all counsel registered to receive service through the Court's CM/ECF system via electronic filing.

/s/ Tonia Moro_____<br>
Tonia L. Moro